# Exhibit A

## **AFFIDAVIT OF SPECIAL AGENT SANDRA J. LEMANSKI**

I, Sandra J. Lemanski, Special Agent, Internal Revenue Service, Criminal Investigation Division, being duly sworn, state:

## **INTRODUCTION**

1. I am a Special Agent of the Criminal Investigation Division of the Internal Revenue Service ("IRS"), a position I have held for approximately 15 years. I am currently the Asset Forfeiture Coordinator for the Boston Field Office. My responsibilities include the investigation of possible criminal violations of the Internal Revenue Laws (Title 26, United States Code), the Bank Secrecy Act (Title 31, United States Code), the Money Laundering Control Act (Title 18, United States Code), and related offenses. In addition, I have participated in the execution of numerous search and seizure warrants. As the Asset Forfeiture Coordinator I assist and guide the field office's special agents in all matters regarding asset seizures and forfeitures as well as personally investigate seizure and forfeiture related matters. In addition, I have received formal training and attended seminars in asset seizures and forfeitures.

2. I make this affidavit in support of a civil complaint for forfeiture against the following properties:

   a. the real property located at 939 Salem Street, Lynnfield, Massachusetts, including all buildings, appurtenances and improvements thereon, as described in more detail in a deed recorded at Book 15339, Page 207 among the land records of Essex County (South), Massachusetts (the "Lynnfield Property"); and

   b. the real property located at 2900 NW 25th Terrace, Boca Raton, Florida, including all buildings, appurtenances and improvements thereon, as described in more detail in a deed recorded at Book 20432, Page 1638 among the land records of Palm Beach County, Florida (the "Boca Raton Property"),

(collectively, the "Defendant Properties").

3. As set forth below, there is probable cause to believe that the Defendant Properties constitute or are derived from proceeds traceable to gambling in violation of 18 U.S.C. § 1955, and are therefore subject to forfeiture to the United States pursuant to 18 U.S.C. § 981(a)(1)(C). There also is probable cause to believe that the Defendant Properties constitute property involved in transactions in violation of 18 U.S.C. §§ 1956 and/or 1957, and are therefore subject to forfeiture to the United States pursuant to 18 U.S.C. § 981(a)(1)(A).

4. I base this affidavit on information learned during the investigation of illegal gaming activities conducted by Robert Eremian, Daniel Eremian (Robert's brother), Richard Sullivan and others. In connection with the investigation, I have conducted a thorough review of bank records and documentary evidence. I and other law enforcement officers have also interviewed witnesses in connection with this investigation, and several witnesses have testified in connection with this investigation. I submit this affidavit based on my personal knowledge derived from the information listed above.

6. This affidavit does not contain all of the information known to me and other law enforcement officers regarding this criminal investigation, but only those facts that are sufficient to establish probable cause for forfeiture of the Defendant Properties.

## BACKGROUND

7. On August 5, 2010, a 442-count Superseding Indictment was returned by a federal grand jury, charging defendants Robert Eremian, Daniel Eremian, Richard Sullivan, and Todd Lyons (collectively, the "Defendants") with, among other things, racketeering in violation of 18 U.S.C. § 1962; illegal gambling in violation of 18 U.S.C. § 1955; and money laundering in violation of 18 U.S.C. § 1956. See Superseding Indictment in United States v. Eremian, et al., 10-CR-10159-PBS, attached at Tab 1 and incorporated herein by reference.

8. As set forth in the Superseding Indictment, unlicensed and unregulated sports wagering is illegal in all fifty states, including Massachusetts. The use of any facility in interstate and foreign commerce to distribute proceeds of illegal gambling, operating an illegal gambling business, and being a person engaged in the business of betting or wagering using interstate and foreign wire communications facilities to transmit wagers and wagering information violates 18 U.S.C. §§ 1952(a), 1955, and 1084(a).

9. The Superseding Indictment further alleges that, from in or before 1997 through April 2010, the Defendants operated Sports Off Shore ("SOS"), an International Business Corporation doing business in St. John's, Antigua. SOS was in the business of accepting wagers on sporting events. SOS was ostensibly licensed by Antigua to conduct "interactive gaming and interactive wagering," however that license was terminated in July 2009. As set forth in the Superseding Indictment, SOS's activities violated the laws of the United States and violated the terms of the Antiguan license.

10. As charged in the Superseding Indictment, Benevolence Funding, Ltd. ("Benevolence") was an Antiguan business entity used by the Defendants' organization to receive the proceeds of illegal gambling from customers in the United States who opted to pay their gambling debts by check or wire transfer. Agents of the Defendants' organization operating in the United States also were instructed to make checks payable to Benevolence for the purpose of transferring funds to the Defendants' organization.

## FORFEITABILITY OF THE DEFENDANT PROPERTIES

### The Lynnfield Property

11. Records obtained from the Essex County Registry of Deeds reflect that on May 15, 1987, R. Eremian and his wife, Lauren A. Eremian, purchased the property located at 939

Salem Street in Lynnfield, Massachusetts (*i.e.*, the Lynnfield Property) for $200,000. On September 30, 1998, R. Eremian and Lauren A. Eremian transferred the Lynnfield Property to Lauren A. Eremian, As Trustee of 939 Salem Street Lynnfield Realty Trust u/d/t September 30, 1998.

12. Records obtained from Bank of America show that, between April 2003 and July 2010, the real estate taxes, utilities, insurance, repairs, maintenance and other expenses for the Lynnfield Property were paid from Bank of America account number xxxxxx0933, held in the names of Robert Eremian and Patrice Tierney (the "BOA 0933 Account"), and Bank of America account number xxxxxx9618, held in the names of Robert Eremian and Patrice Tierney (the "BOA 9618 Account").

13. As set forth above, defendant Robert Eremian ("R. Eremian") was charged in the Superseding Indictment with, *inter alia*, Money Laundering in violation of 18 U.S.C. §§ 1956 and 1957. See Tab 1 at 33-42, 55-58. Specifically, the Superseding Indictment alleges that R. Eremian and others instructed gamblers and agents of their organization to create financial instruments and wire transfers payable to Benevolence and other entities with no legitimate business purpose other than to launder the proceeds of the illegal gambling business. Id. at 33-34. R. Eremian also deposited and caused to be deposited proceeds of illegal gambling activity in a bank account located in the District of Massachusetts. Id. at 55. Based on my review of bank records and other information obtained during this investigation, that bank account was the BOA 0933 Account.

14. A review of the activity for the BOA 0933 Account between 2003 and 2010 showed that the account was mainly funded with checks and wire transfers from Antigua Overseas Bank and Global Bank & Commerce, Antiguan banks used by Robert Eremian to

4

negotiate illegal gambling proceeds he received from United States customers of SOS, in violation of 18 U.S.C. § 1956.

15. A review of the activity for the BOA 9618 Account showed that the account was funded entirely with transfers from the BOA 0933 Account.

16. By way of example, the following payments were made from the BOA 0933 Account or the BOA 9618 Account between April 2003 and July 2010:

| | | | | |
|---|---|---|---|---|
| 04/30/2003 | 4,158.28 | 1028 | 04/23/2003 | Tax Collector-Town of Lynnfield |
| 06/24/2003 | 4,008.24 | 1045 | 06/17/2003 | Tax Collector-Lynnfield |
| 07/11/2003 | 1,950.32 | 1053 | 07/08/2003 | Tax Collector, Town of Lynnfield |
| 11/12/2003 | 1,950.31 | 1108 | 11/07/2003 | Town of Lynnfield |
| 07/13/2005 | 1,000.29 | 447 | 07/08/2005 | Collection of Taxes |
| 09/19/2005 | 6,000.00 | 1347 | 09/14/2005 | Andrews Gunite Co |
| 10/07/2005 | 5,500.00 | 1353 | 09/21/2005 | Andrews Gunite Co |
| 10/17/2005 | 330.00 | 1362 | 10/04/2005 | Aquarius Pool Water |
| 10/27/2005 | 1,000.28 | 484 | 10/25/2005 | Town of Lynnfield |
| 11/03/2006 | 4,580.14 | 411013 | 11/03/2006 | Town of Lynnfield |
| 01/11/2007 | 1,152.79 | 652 | 01/06/2007 | Town of Lynnfield |
| 04/10/2007 | 1,152.77 | 673 | 04/06/2007 | Town of Lynnfield |
| 07/05/2007 | 1,093.78 | 703 | 06/27/2007 | Town of Lynnfield |
| 10/10/2007 | 1,093.76 | 727 | 10/06/2007 | Town of Lynnfield |
| 01/08/2008 | 1,184.07 | 755 | 01/03/2008 | Town of Lynnfield |
| 04/10/2008 | 1,184.06 | 776 | 04/08/2008 | Town of Lynnfield Collector of Taxes |
| 07/10/2008 | 1,138.93 | 798 | 07/07/2008 | Town of Lynnfield |
| 10/10/2008 | 1,138.91 | 827 | 10/08/2008 | Town of Lynnfield |
| 01/12/2009 | 1,374.84 | 417 | 01/08/2009 | Town of Lynnfield |
| 04/07/2009 | 1,374.83 | 867 | 04/02/2009 | Town of Lynnfield |
| 07/10/2009 | 1,256.88 | 901 | 07/09/2009 | Town of Lynnfield |
| 10/07/2009 | 1,256.88 | 930 | 10/06/2009 | Town of Lynnfield |
| 01/14/2010 | 1,402.23 | 972 | 01/12/2010 | Town of Lynnfield |
| 04/13/2010 | 1,402.22 | On Line | | Town of Lynnfield |
| 07/22/2010 | 1,329.56 | On Line | | Town of Lynnfield |

**Total**     49,014.37

5

Records obtained from the Town of Lynnfield Tax Collector's Office confirmed that the payments above to "Town of Lynnfield," "Collection of Taxes," "Tax Collector-Town of Lynnfield," "Tax Collector-Lynnfield," "Town of Lynnfield Collector of Taxes," and "Tax Collector, Town of Lynnfield" were applied to property taxes due and owing on the Lynnfield Property. The investigation also revealed that, in 2005, Andrew's Gunite Company repaired the pool located at the Lynnfield Property.

**The Boca Raton Property**

16. Sunbelt Title records revealed that on May 26, 2006, R. Eremian and his wife, Lauren A. Eremian, purchased the property located at 2900 Northwest 25th Terrace in Boca Raton, Florida (*i.e.*, the Boca Raton Property) for $800,000. At closing, the Eremians owed $696,025.01 towards the purchase price. The Eremians paid the outstanding balance with Bank of America cashier's check number 4940640, dated May 25, 2006, made payable to Sunbelt Title in the amount of $696,025.01.

17. Records obtained from Bank of America reflected that cashier's check number 4940640 was purchased with funds withdrawn from Bank of America account number xxxxxxxx7523 held in the name of Lauren A. Eremian on May 25, 2006. A review of the activity for Bank of America account number xxxxxxxx7523 showed that on May 23, 2005 this account received a wire transfer in the amount of $749,936.60 from Antigua Overseas Bank, identifying the originator as Benevolence Funding Ltd. Prior to this wire transfer, Bank of America account number xxxxxxxx7523 had a balance of $3,262.84. No other deposits were made to Bank of America account number xxxxxxxx7523 prior to Lauren Eremian purchasing cashier's check number 4940640 on May 25, 2006.

18. During the investigation which led up to the Superseding Indictment, numerous witnesses testified or provided information that R. Eremian used Benevolence Funding, Ltd. to receive illegal gambling proceeds from SOS bettors located in the United States. Records obtained from BAC Florida and Union Planters Bank, two United States banks acting as the correspondent banks for Antigua Overseas Bank, show Antigua Overseas Bank negotiated over $5 million in checks from United States customers of SOS made payable to Benevolence Funding, Ltd. during the seventeen-month period between May 2004 and May 2006.

## CONCLUSION

19. Based on the foregoing, I respectfully submit that there is probable cause to believe that the Defendant Properties are subject to forfeiture pursuant to 18 U.S.C. § 981.

Signed under the penalties of perjury on this 29th day of October, 2010

Sandra J. Lemanski
Special Agent
Internal Revenue Service